## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:   JOHN O. AND SHARON K. CRISPIN

       Debtors,

_____/

TIMOTH J. MILLER, TRUSTEE.,

  Plaintiff/Appellee,

KEN WRIGHT and
DIANE R. (PAYNE) WRIGHT,

  Defendants/Appellants,

_____/

Case No. 10-49725-MBM

Chapter 7
Judge: Hon. Marci B. McIvor

Adversary No.10-07551-MBM

Civil Case No. 2:11-cv-14005-NGE-MJH

Hon. Nancy G. Edmunds

Magistrate Judge Michael J. Hluchaniuk

## BRIEF OF APPELLANTS

Submitted by:
Moran Law Office
By: Ryan M. Moldovan (P69819)
Ryan B. Moran (P70753)
Attorneys for Defendants/Appellants
25600 Woodward Ave., Suite 201
Royal Oak, MI 48067
(248) 246-6536
Fax: (248) 246-7249

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................... 2

INDEX OF AUTHORITIES............................................................. 3

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY...4

BRIEF OF APPELLANTS................................................................5

JURISDICTIONAL STATEMENT....................................................5

STATEMENT OF ISSUES................................................................5

STATEMENT OF STANDARD OF APPELLATE REVIEW ....................5

STATEMENT OF CASE………………….........................................8

ARGUMENT..............................................................................10

    **A.** Defendants' actions in failing to file a timely answer resulted from mistake, inadvertence, surprise, or excusable neglect, and as a result, the Bankruptcy Courtshould have set aside the Default Judgment...........................................10

    **B.** Because Defendants showed that the Default Judgment did not arise from Defendants culpable conduct, provided meritorious defenses to the claims in the Complaint,  and showed that setting aside the default judgment would cause no prejudice to Plaintiff, the Bankruptcy Court should have looked at all three factors and set aside the Default Judgment and allowed Defendants to file an answer ...............................................................................11

        **i.** The Default Judgment did not arise from Defendants' culpable conduct, and as such, the Default Judgment should be set aside……12

            **a.** The Bankruptcy Court abused it's discretion by failing to distinguish the facts of the Trans-Industries case to the facts of this case in deciding Defendants' Motion...13

        **ii.** Defendants showed they had a meritorious defense to the claims in the Complaint..................................................................................14

        **iii.** Setting aside the Default Judgment would not cause prejudice to Plaintiff……………………………………………………………..…15

CONCLUSION............................................................................ 17

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2002)........................................................ 5,7

*In re Baskett*, 219 B.R. 754, 757 (BAP 6th Cir. 1998) ........................................ 5, 6, 8, 15

*In re Patterson*, 330 B.R. 631 (Bankr. E.D. Tenn. 2005) ............................................. 5, 8

*In re Trans-Industries, Inc.*, 2009 U.S. Dist. LEXIS 36953 (E.D. Mich. 2009)…..……..13

*In re William Cargile Contractor, Inc.*, 209 B.R. 435, 438 (BAP 6th Cir. 1997) ............ 7

*INVST Fin. Group, Inc. v. ChemNuclear Sys., Inc.*, 815 F.2d 391, 397 (6th Cir.), *cert. denied*,484 U.S. 927 (1987)................................................................................... passim

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 6th Cir. 1986).......................................................................................................... 6, 7, 15

*U.S. v. Real Property*, 195 F.3d 819, 820 (6th Cir. 1999)................................................ 15

*United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983)…………………………………………………………………………... 4, 7, 11, 14

*Waifersong LTd. Inc. v. Class Music Vending*, 976 F.2d 290 (6th Cir. 1992)………........ 7

**Rules**

Fed. R. Civ. P. 55.....................................................................................................4, 6, 7, 9

Fed. R. Civ. P. 60(b)…........................................................................................... passim

Fed. R. Bankr. P. 7004, …………………………….................................................. 4, 14

Fed. R. Bankr. P. 7055…………………………...…………………………….....4, 6, 9, 10

Fed. R. Bankr. P. 8010, 8013……………………………………………...……...4, 5

Fed. R. Bankr. P. 9024………………………………………………………………4, 6

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authorities are: 28 U.S.C. § 158, Rules 7004, Rules 7055, 8010, 8013 and 9024 of the Federal Rules of Bankruptcy Procedure, Rules 55 and 60 of the Federal Rules of Civil Procedure, *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2002), *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983), *In re Baskett*, 219 B.R. 754 (BAP 6th Cir. 1998), and *In re Patterson*, 330 B.R. 631 (Bankr. E.D. Tenn. 2005).

## BRIEF OF APPELLANTS

Defendants-Appellants, Ken and Diane Wrights, ("Defendants") through its attorneys, Moran Law Office, and pursuant to Rule 8010 of the Federal Rules of Bankruptcy Procedure, hereby submits the Brief of Appellants and states as follows:

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of the instant appeal for the reason that it is an appeal of a final decision of the Bankruptcy Court for the Eastern District of Michigan. 28 U.S.C. § 158; *see also In re Baskett*, 219 B.R. 754, 757 (BAP 6th Cir. 1998) (denial of a motion to set aside a default judgment is a final order).

## STATEMENT OF ISSUES

Whether the Bankruptcy Court (McIvor) abused its discretion when it denied Ken and Diane Wright's Motion to Set Aside Default Judgment.

Ken and Diane Wright answer "Yes"

The Court should answer "Yes"

## STATEMENT OF STANDARD OF APPELLATE REVIEW

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed. R. Bank. P. 8013. More particularly, "[t]he decision on a motion to set aside a default judgment is left to the discretion of the trial judge." *In re Baskett*, 219 B.R. at 757 (citation omitted). In this Circuit, an abuse of discretion is defined "'as a definite and firm

conviction that the trial court committed a clear error of judgment.'" *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2002) (citation omitted).

However, "'a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved.'" *In re Baskett*, 219 B.R. at 757(quoting *INVST Fin. Group, Inc. v. ChemNuclear Sys., Inc.*, 815 F.2d 391, 397 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987)). This is so because "'[t]rials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.'" *Id.* (citation omitted).

"*[W]hen the grant of a default judgment precludes consideration of the merits of a case even a slight abuse of discretion may justify reversal.*" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)) (internal quotations and brackets omitted; emphasis added).

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings pursuant to Bankruptcy Rule 7055, governs motions to set aside an entry of default or default judgment. Where a court has entered a default judgment, Rule 55(c) states that the Court may set aside that judgment in accordance with Rule 60. *See*, *e.g.*, *In re William Cargile Contractor, Inc.*, 209 B.R. 435, 438 (BAP 6th Cir. 1997). Rule 60(b), made applicable in bankruptcy cases by Bankruptcy Rule 9024, authorizes the Court to relieve a party, or a party's legal representative, from a final judgment in cases of mistake, inadvertence, surprise, or excusable neglect, *or* for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1), (6).

While the decision to vacate a default judgment is left to the discretion of the trial court, the Sixth Circuit has adopted the following analysis for setting aside default judgments:

> "Where Rule 60(b) is invoked to set aside a default judgment, [a] court must both consider the Rule 55 equitable factors enumerated in [*United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)], and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. American HomeAssurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citing *Manufacturers' Indus. Relations Assn. v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir. 1995); *Waifersong Ltd. Inc. v. Class Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).   Rule 55 requires the court to determine whether there is "good cause" to set aside the default, considering: "***1) whether the non-defaulting party will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the culpable conduct of the defendant led to the default***." *United Coin*, 705 F.2d at 845. *See also Smith v. Commissioner*, 926 F.2d 1470, 1479-80 (6th Cir. 1991); *Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990); *INVST*, 815 F.2d at 397; *Shepard Claims*, 796 F.2d at 194-95; *Creditors Committee of Park Nursing Ctr. v. Samuels (In re Park Nursing Ctr., Inc.)*, 766 F.2d 261 (6th Cir. 1985) (applying *United Coin* standards to bankruptcy adversary proceeding).

*In re Baskett*, 219 B.R. at 759 (emphasis added). Furthermore:

> [T]he Sixth Circuit has directed that "Rule 60(b)(1) should be applied 'equitably and liberally ... to achieve substantial justice.'" *Williams v. Meyer*, 346 F.3d 607,612-13 (6th Cir. 2003) (quoting *United Coin Meter*[, 705 F.2d at 844-85)].   "*Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally*." *United Coin Meter*, 705 F.2d at 845 (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)).

*In re Patterson*, 330 B.R. 631, 636 (Bankr. E.D. Tenn. 2005) (emphasis added).

## STATEMENT OF THE CASE

Debtors John O. Crispin and Sharon K. Crispin ("Debtors") filed the above-caption chapter 7 bankruptcy case on March 25, 2010. *See Case No. 10-49725-MBM, Docket Entry 1, Voluntary Petition.* Plaintiff/Appellee Timothy J. Miller ("Plaintiff") is the duly appointed chapter 7 bankruptcy trustee for the underlying bankruptcy case *In re John O. and Sharon K. Crispin*, case no. 10-49725-MBM. *See Complaint ¶1.* On December 15, 2010, Plaintiff filed a complaint ("Complaint") with the Bankruptcy Court to recover a money judgment or property exceeding $1,100.00 in value pursuant to 11 U.S.C. §547 and 11 U.S.C. §548 ("Adversary Proceeding"). *See Adversary No. 10-07751-MBM, Docket Entry 1, Complaint.*

On or around September 10, 2010, Plaintiff sent correspondence to Defendants asserting that Defendants failed to pay fair consideration for the transfer of the real property located in Pemiscot, Missouri. *See Adversary Docket #15, Exhibit 4 – Affidavit of Diane Wright, hereafter "Wright Dec'l"*) ¶2. In response to the communication, Defendants' counsel, Jason M. Scherer of Crow, Reynolds, Shetley, McVey, & Scherer, LLP, an attorney out of Missouri, contacted Plaintiff's attorney about the property transaction and was in communications with Plaintiff's counsel regarding the transaction until just two days prior to the filing of the Adversary Proceeding. *Wright Dec'l ¶3.* As a result of the communications, Plaintiff's counsel was aware that Defendants were represented by counsel at the time the Adversary Proceeding Complaint was filed.

On or around December 15, 2010, Plaintiff filed a Certificate of Service of the Summons and Complaint via United States Postal Service, First Class Mail, postage fully prepaid to "Mr. Ken Wright, Mrs. Diane R. (Payne) Wright, 5516 NE Oaks Ridge Lane,

8

Lees Summit, MO 64064." *See Docket Entry 3.* Defendants contend that they never received a copy of the Summons and Complaint, nor was Defendants' attorney, Jason M. Scherer, provided with a copy, despite Plaintiff's knowledge of his existence. *Wright Dec'l ¶4.*

The Court entered a default against Defendants on January 19, 2011 after Defendants failed to timely file an Answer. *See Docket Entry 4.* Plaintiff submitted a Motion for Default Judgment ("Default Judgment") on January 21, 2011 which was granted by this Court on January 24, 2011. *See Docket Entry 5, 6.* On March 30, 2011, Plaintiff filed a Subpoena against Defendants. *See Docket Entry 7.* Having not received a response to the Subpoena on May 5, 2011, Plaintiff filed a Motion for Order to Show Cause for Defendants to comply with the Subpoena, which the Court granted on May 5, 2011. *See Docket Entries 9, 10.*

Defendants assert that Defendants and Defendants' attorney became aware of the Adversary Proceeding, Subpoena, and Order to Show Cause only as a result of communication with Missouri Senator Claire McCaskill's office on May 12, 2011 in which the Subpoena, Certificate of Service, and Order to Show Cause were included. *Wright Dec'l ¶5.* Immediately upon discovering the actions filed against them, Defendants sought local counsel and promptly hired local counsel, Moran Law Offices, to represent them in the Adversary Proceeding. *Wright Dec'l ¶6.*

Defendants filed a Motion to Set Aside Default Judgment on June 6, 2011, pursuant to Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55, for good cause predicated on Defendants' failure to receive notification of

the Adversary Proceeding and subsequent filings prior to May 12, 2011.  *See Docket Entry 15*.

The Bankruptcy Court held a hearing on Defendants' Motion on July 19, 2011. Defendant's argument at the hearing on the motion recites the body of his motion and brief and supporting documents.  *See Transcript, pages 2-10, 15*.  Defendants' argued that failure to properly answer or otherwise defend the Adversary Proceeding constituted mistake and/or excusable neglect, and in equity and the interests of justice, constituted good cause empowering the Bankruptcy Court to set aside the Default Judgment. *Id*. Defendants' primary reason for failure to answer was due to Defendants' failure to receive the summons and complaint as well as their Missouri counsel also failing to receive a copy of the filed summons and complaint.  *See Transcript, pages 2-5*. Defendants then argued that they have a meritorious defense to the claims against them. In particular, that there is a large discrepancy in the valuation of the property at issue as well as the value paid by the Defendants' to the Debtors also contained an agreement to dismiss litigation between the Debtors and the Defendants'.  *See Transcript, page 6, lines 5-16, and page 7, lines 3-22*.   The Defendants' also argued that the Plaintiff would not be prejudiced by the set-aside of the default judgment due to the asset at issue being a parcel of real estate.  *See Transcript, pages 8-9*.

## <u>ARGUMENT</u>

**A. Defendants' actions in failing to file a timely answer resulted from mistake, inadvertence, surprise, or excusable neglect, and as a result, the Bankruptcy Court should have set aside the Default Judgment.**

A court may relieve a party from a default judgment based on mistake, inadvertence, surprise, or excusable neglect.  F.R.B.P.  7055, F.R.C.P., 55(c), F.R.C.P 60(b).  Courts

10

should also construe all ambiguous or disputed facts in the light most favorable to the defendant and resolve any doubt in favor of the defendant. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.* 815 F.2d 391 at 399 (6th Cir. 1987).

As mentioned above, Defendants asserted in their Motion and Brief that they failed to receive a copy of the Summons and Complaint purported to be served upon them by Plaintiff. *Wright Dec'l ¶4.* Defendants became aware of the action filed against them only as a result of communication with Senator McCaskill's office and immediately sought counsel to assist them in this matter. *Wright Dec'l ¶¶5-6.* It is clear from the communications between Defendants and Plaintiff prior to the filing of the Adversary Proceeding that Defendants planned to fully defend their position regarding the property transaction which is subject to the Complaint. Construing these facts in the light most favorable to Defendants, the Bankruptcy Court should have concluded that Defendants' failure to file a timely answer was due to mistake, inadvertence, surprise, or excusable neglect. As a result, the Court should have set aside the Default Judgment and allow Defendants and opportunity to file an answer and obtain a trial on the merits of the case.

**B. Because Defendants showed that the Default Judgment did not arise from Defendants culpable conduct, provided meritorious defenses to the claims in the Complaint, and showed that setting aside the default judgment would cause no prejudice to Plaintiff, the Bankruptcy Court should have looked at all three factors and set aside the Default Judgment and allowed Defendants to file an answer.**

Although not required by the Federal Rules of Civil Procedure, when considering whether to set aside a default judgment, the Sixth Circuit requires that defendants demonstrate the existence of the equitable factors explained in *United Coin. Meganck, supra,* 188 B.R. 949 at 952. The factors are whether the defendants can show a meritorious defense to the claims, whether the plaintiff would be prejudice by the set-

11

aside, and that the defendants did not engage in culpable behavior. *United Coin, supra,* 705 F.2d at 845. The Defendants in this matter demonstrated all three factors, and as such, the Bankruptcy Court should have set aside the Default Judgment.

### i. The Default Judgment did not arise from Defendants' culpable conduct, and as such, the Default Judgment should be set aside.

The Bankruptcy Court only relied on the question of whether Defendants' failure to answer the Complaint was due to their culpable conduct. *See Transcript, pages 18-19.* When a default judgment arises from an honest mistake, rather than the willful misconduct, carelessness, or negligence of the defendant, there is a special need to apply FRCP 60(b) liberally. *Meganack, supra,* 188 B.R. at 952. The Sixth Circuit has held that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST, supra,* 815 F.2d at 399. In the Sixth Circuit the standard for determining the culpability of the defendant's conduct is more stringent under Rule 60(b), which applies to default judgments. *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 209 (6th Cir.1995).

In the present case, Defendants were unaware that a Complaint was filed against them until they received a synopsis of the Crispin's bankruptcy case to date, which included information that the Adversary Proceeding was filed and contained a copy of the Subpoena, Certificate of Service and Order to Show Cause. *Wright Dec'l ¶5.* As soon as the information was obtained, Defendants' Missouri Counsel, Mr. Scherer sent a letter to Plaintiff explaining Defendants' concerns over not receiving a copy of the filed document, including the Complaint and Defendants immediately obtained local counsel to represent them in the action. *Wright Dec'l ¶6.* Furthermore, prior to the filing of the

Complaint, Defendants were in communications with Plaintiff regarding the property transfer which is the subject of the action, inferring that their intent was to cooperate fully in resolving the matter. *Wright Dec'l ¶3.* These facts suggest in no way that Defendants were attempting to thwart judicial proceedings or had a reckless disregard for the effect of their actions, as they were unaware of the Complaint until after the Default Judgment was entered. This Court is urged to apply FRCP 60(b) liberally and culpability stringently, the Court should order the Bankruptcy Court to set aside the Default Judgment and allow Defendants to obtain a full trial on the merits of the case.

> **a. The Bankruptcy Court abused it's discretion by failing to distinguish the facts of the Trans-Industries case to the facts of this case in deciding Defendants' Motion.**

The Bankruptcy Court relied heavily on a decision from a recent district court case, *In re Trans-Industries, Inc.*, 2009 U.S. Dist. LEXIS 36953 (E.D. Mich. 2009). *See Transcript, pages 9-10.* In that case, the Defendant, Q Tech, acknowledged receiving the summons and complaint by first class mail but failed to file a timely response due to a mistaken belief that it had to be personally served or served by certified mail.

The instant case is distinguishable in that the Defendants' never received the summons and complaint at all. Defendants' counsel pointed out this important distinguishing factor at the hearing. *See Transcript, page 10.* Defendants' also supported their failure to receive notice with an affidavit signed by Defendant, Diane Wright. The Defendants' only notice of the adversary proceeding was through their contact with the office of Senator Claire McCaskill. *See Transcript, page 17.* At that point, the default judgment had already entered, and there was a pending show cause for failure to respond to a subpoena. *See Transcript, page 15.*

Without any further inquiry, or having an evidentiary hearing, the Bankruptcy Court abused its discretion by dismissing the Defendants' valid excuse as not credible.  While Defendants' acknowledge that the Bankruptcy Court Rule 7004 provides that service by first class mail is allowed, first class mail does not provide any proof of service whatsoever.  The Plaintiff did file a proof of service alleging that the summons and complaint were mailed to the Defendants, but that certainly does not guarantee that the Defendants actually received it.  Mail gets lost or misdirected every day.  The doubt as to whether the Defendants actually received proper notice of the adversary proceeding should be construed in favor of the Defendants.  *See United Coin*, *supra*, 705 F.2d at 845, (Because federal courts favor trial on the merits, any doubts are to be resolved in favor of setting aside the judgment.)

For Defendants' to not have received the summons and complaint and not have an opportunity to participate meaningfully is a grossly unjust result and an abuse of discretion by the Bankruptcy Court that should not be allowed to stand.

ii.     **Defendants showed they had a meritorious defense to the claims in the Complaint.**

Although the Bankruptcy Court stopped its analysis at the culpable conduct prong, the Defendants can show that they have meritorious defenses.  When the court considers whether the defendant has established a meritorious defense to the action, the key is to determine whether the outcome of the suit after a full trial would be contrary to the result achieved by default.  *Bavley v. Powell (In re Baskett)* 219 B.R. 754, 761 (B.A.P. 6th Cir. 2002).  The measure is not whether the defendant has a likelihood of success at trial, but rather that the defendant has stated a defense good at law.  *Id., citing United Coin, supra,* 705 F.2d at 846 and *Keegel v. Key West & Carribean Trading Co., Inc.* 627 F.2d 372,

374 (D.C. Cir. 1980). Likewise, the key consideration is "to determine whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default "(emphasis added). *INVST, supra,* 815 F.2d at 399.

If Defendants are allowed to answer the Complaint, Defendants will set forth the following meritorious defenses to Plaintiff's claims that the property transfer was a preferential transfer pursuant to 11 U.S.C. §547 and also constituted a fraudulent transfer:

- Defendants will rebut the presumption that Debtors were insolvent at the time the transfer was made;
- Defendants will contend that the transfer did not allow Defendants to receive more than they would have under chapter 7 of the bankruptcy code;
- Defendants will assert that the transfer did not allow Defendants to receive more than Defendants would have under the provisions of the bankruptcy code; and
- Defendants will contend that Debtors received more than or equal to the reasonably equivalent value in exchange for the transfer.

Because the aforementioned defenses are ones founded in law, there is some possibility that a full trial on the merits will achieve a result contrary to the default judgment when analyzing all facts in light most favorable to Defendants, and because the Sixth Circuit has a "strong preference for trials on the merits," the Court should grant Defendants' request to set aside the Default Judgment. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir.1999) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)).

### iii.  Setting aside the Default Judgment would not cause prejudice to Plaintiff.

Although the Bankruptcy Court stopped its analysis at the culpable conduct prong, the Defendants can also show that setting aside the Default Judgment would not cause prejudice to the Plaintiff. When determining whether setting aside the default judgment

would cause prejudice to the plaintiff, delay alone is an insufficient basis for establishing prejudice. *Bavley, supra,* 219 B.R.at 760; *INVST, supra*, 815 F.2d at 398.  Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Id.*

Although the Default Judgment was obtained on January 24, 2011, the delay caused by setting aside the Default Judgment and allowing Defendants to answer the Complaint would cause no prejudice to Plaintiff.  If Defendants were allowed to answer, Plaintiff could obtain discovery on any issues relevant to the claims or defenses regarding the issues in the Complaint without issuing Subpoenas, and Defendants would receive immediate notice when documents were filed via CM/ECF noticing procedures.

Because the claims in the Complaint involved a single property transaction that occurred earlier this year, it is unlikely that any delay in prosecuting the adversary would result in loss of evidence.  Moreover, as prior to the filing of the Complaint, Defendants were fully cooperative in providing information to the Trustee regarding the property transaction prior to the filing of the Complaint; it would be absurd to suggest that the delay would allow Defendants an opportunity to commit fraud or collusion. *Wright Dec'l ¶3.*  Because a judgment by default should stand only in extreme cases, this Court should vacate the Bankruptcy Court's decision to deny Defendants request to set aside the default judgment.

## <u>CONCLUSION</u>

The Bankruptcy Court abused its discretion by denying the Wright's Motion.  The Defendants demonstrated, through Diane Wright's Affidavit as well as the correspondence from Defendants' Missouri attorney, that the Defendants did not answer the Complaint because the Wrights honestly never received the summons and complaint that were purported to be sent to them.  Such conduct should be considered to be excusable neglect and not based on any culpable conduct of the Defendants. Given that meritorious defenses exist and that no prejudice will befall Trustee, the Court should reverse the Bankruptcy Court's denial of the Defendant's Motion and remand the case with instructions to vacate the Default Judgment and permit the Defendants thirty (30) days to answer the Complaint and/or file an appropriate responsive motion.

Respectfully submitted,

/s/ Ryan M. Moldovan_____
Moran Law Office
By: Ryan M. Moldovan (P69819)
Ryan B. Moran (P70753)
Attorneys for Defendants/Appellants
25600 Woodward Ave., Suite 201
Royal Oak, MI 48067
(248) 246-6536
Fax: (248) 246-7249

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  JOHN O. AND SHARON K. CRISPIN          Case No. 10-49725-MBM

                                                Chapter 7
                                                Judge: Hon. Marci B. McIvor
        Debtors,
_____/
TIMOTH J. MILLER, TRUSTEE.,
                                                Adversary No.10-07551-MBM
    Plaintiff/Appellee,
                                                Civil Case No. 2:11-cv-14005-NGE-MJH
KEN WRIGHT and
DIANE R. (PAYNE) WRIGHT,                         Hon. Nancy G. Edmunds

    Defendants/Appellants,                       Magistrate Judge Michael J. Hluchaniuk
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2011 I electronically filed the Brief of Appellants and Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Anthony James Miller
645 Griswold
Suite 3900
Detroit, MI 48826
amiller@schneidermiller.com

Kimberly Ross Clayson
Schneider Miller, PC
645 Griswold
Suite 3900
Detroit, MI 48826
kclayson@schneidermiller.com

Timothy J. Miller
64541 Van Dyke
Suite 101-B
Washington Twp., MI 48095
tmiller@schneidermiller.com

Respectfully submitted,

/s/ Ryan M. Moldovan_____
Moran Law Office
By: Ryan M. Moldovan (P69819)
Ryan B. Moran (P70753)
Attorneys for Defendants/Appellants
25600 Woodward Ave., Suite 201
Royal Oak, MI 48067
(248) 246-6536
Fax: (248) 246-7249