**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **JOHN O. AND SHARON K. CRISPIN**, | Chapter 7 |
| Debtors. | Case No. 10-49725-MBM |
| _____/ | Hon. Marci B. McIvor |
| **TIMOTHY J. MILLER, TRUSTEE** | |
| Plaintiff, | Adv. P. No. 10-07551-MBM |
| v. | Hon. Marci B. McIvor |
| **KEN WRIGHT and** | Civil Case No. 2:11-cv-14005-NGE-MJH |
| **DIANE R. (PAYNE) WRIGHT ,** | Hon. Nancy G. Edmunds |
| Defendants. | Magistrate Judge Michael J. Hluchniuk |
| _____/ | |

## **APPELLEE BRIEF**

Plaintiff/Appellee Timothy J. Miller, Trustee, by his attorneys Schneider Miller, PC, states as follows for his Appellee Brief:

SUBMITTED BY:

Date: October 19, 2011

*/s/Anthony James Miller*
ANTHONY JAMES MILLER (P71505)
Schneider Miller P.C.
Attorney for Appellee
645 Griswold, Suite 3900
Detroit, Michigan 48226
(313) 237-0850
amiller@schneidermiller.com

# **TABLE OF CONTENTS**

**Heading/Sub Heading**                                                         **Page(s)**

TABLE OF CONTENTS……………………………………………………………..…………....ii

TABLE OF AUTHORITIES………………………………………………………………...iii-v

STATEMENT OF CONTROLLING LAW…………………………………………………....1

BASIS OF APPELLATE JURISDICTION……………………………………………………1

STATEMENT OF ISSUE……………………………………………………………………….1

STANDARD OF REVIEW ON APPEAL…………………………………………………...2-3

STATEMENT OF THE CASE………………………………………………………………..3-7

ARGUMENT…………………………………………………………………………………..7-13

    I.    Appellants fail to show that the Bankruptcy Court abused
its discretion in refusing to set aside Default Judgment entered
against Appellants……………………………………………………………………..7

        A. The Bankruptcy Court applied the correct standard in
holding that Appellants were required to establish as a
threshold inquiry that entry of default was not due
to Appellants' conduct………………………………………………………..8-12

        B. The Bankruptcy Court's denial of Appellant's Motion for Relief
from Default Judgment was correct insofar as it held that
Appellants' Motion was without merit regardless of the
threshold inquiry of culpable conduct……………………………………….12-13

CONCLUSION………………………………………………………………………………….13
.

# TABLE OF AUTHORITIES

**Cases/Rules**                                                                                   **Page(s)**

*Alexander v. Light*, 1996 U.S. Dist. LEXIS 20846 (W.D. Mich. July 25, 1996)…………...9

*Antoine v. Atlas Turner, Inc.,* 66 F.3d 105 (6th Cir. 1995)…………………………………….2

*Bavelis v. Doukas (In re Bavelis),* 453 B.R. 832 (Bankr. S.D. Ohio 2011)………….……10

*Bavely v. Powell (In re Baskett),* 219 B.R. 754 (B.A.P. 6th Cir. Ohio 1998).......1, 8, 9, 10

*Bowling v. Pfizer, Inc.,* 102 F.3d 777(6th Cir.1996)…………………………………………….2

*Bratton v. Yoder Co.,* 758 F.2d 1114 (6th Cir. 1985)……………………………..………...10

*Buck v. United States Department of Agriculture*, 960 F.2d 603 (6th Cir. 1992)………...9

*Colangelo v. Eisen (In re Colangelo),* 414 B.R. 136 (E.D. Mich. 2009)………………..2, 9

*Dalby v. Wed Family Preservation Trust*, 1991 U.S. Dist. LEXIS 8631 (E.D. Mich. Apr. 23, 1991)...............................................................................................................1, 11

Fed. R. Bankr. P. 7004(b)…………………………………………………………………….10

Fed. R. Bankr. P. 7055…………………………………………………………………………..8

Fed. R. Civ. P. 55(c)…………………………………………………………………………....8

Fed. R. Civ. P. 60(b)(1)………………………………………………………………………..6, 8

*In re Bradbury,* 310 B.R. 313 (Bankr. N.D. Ohio 2003)………………………………………..2

*In re Langley*, 2011 Bankr. LEXIS 705 (Bankr. E.D. Mich. Mar. 7, 2011)....................1, 10

*In re Miller,* 428 B.R. 791 (Bankr. S.D. Ohio 2010)………………………………..............8

*In re O'Bryan,* 246 B.R. 271 (Bankr. W.D. Ky. 1999)……………………………….......10

*In re Patterson*, 330 B.R. 631 (Bankr. E.D. Tenn. 2005)………………………………….10

# **TABLE OF AUTHORITIES**

**Cases/Rules**                                                                                                              **Page(s)**

*In re Rigney (Kohut v. Rigney),* Case No. 07-52758, Adv. Pro. No. 07-6287 (Bankr. E.D.Mich., January 5, 2011)……………………………………………………………….10

*In re Walter,* 282 F.3d 434 (6th Cir. 2002)………………………………………………….2

*Lewis Cass Intermediate Sch. Dist. v. M.K.,* 2004 U.S. Dist. LEXIS 3184, 9-10 (W.D. Mich. Feb. 26, 2004)………………………………………………………………...…10

*McCurry v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586 (6th Cir. Tenn. 2002) .2

*Miller v. Certified Constr. Co. of Kentucky, LLC (In re Smith Mining & Material, LLC),* 399 B.R. 199 (Bankr. W.D. Ky. 2008)……………………………………………….9, 10

*O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345 (6th Cir. Mich. 2003)…………..2

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (U.S. 1993)…….1, 9

*Q-Tech Inc. v. Allard (In re Trans-Indus),* 2009 U.S.Dist. LEXIS 36953 (E.D.Mich., May 1, 2009)……………………………………………………………………………1, 7, 8, 9

*Romstadt v. Allstate Ins. Co.,* 59 F.3d 608 (6th Cir.1995)………………………….........2

*Tullock v. Hardy (In re Hardy),* 187 B.R. 604 (Bankr. E.D. Tenn. 1995)………..........10, 11

*United Coin Meter Co. v. Seaboard Coast Line Railroad,* 705 F.2d 839 (6th Cir. 1983)………………………………………………………………………………..…1, 2, 8

*United States v. Carlisle*, 2009 U.S. Dist. LEXIS 78724 (E.D. Mich. Aug. 1, 2009)......1, 9

*United States v. Dunn,* 1998 U.S. App. LEXIS 28286 (6th Cir. Mich. Nov. 4, 1998)…….2

*Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290 (6th Cir. Ohio 1992)............1, 3

## **TABLE OF AUTHORITIES**

**Cases/Rules** **Page(s)**

*Weiss v. St. Paul Fire & Marine Ins. Co.,* 283 F.3d 790, (6th Cir. Ohio 2002)……………………………………………………………………………...8

*Westenhoefer v. Infiniti Financial Services (In re Mindel-Stansberry),* 2006 Bankr. LEXIS 851 (Bankr. E.D. Ky. May 11, 2006)……………………………………………………10

.

## STATEMENT OF CONTROLLING LAW

The controlling or most appropriate authorities are: 28 U.S.C. Section 158; Federal Rules of Bankruptcy Procedure 7004(b) and 7055; *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (U.S. 1993); *United Coin Meter Co. v. Seaboard Coast Line Railroad*, 705 F.2d 839, 843 (6th Cir. 1983); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. Ohio 1992); *Q-Tech Inc. v. Allard (In re Trans-Indus),* 2009 U.S.Dist. LEXIS 36953 (E.D.Mich., May 1, 2009); *United States v. Carlisle,* 2009 U.S. Dist. LEXIS 78724 (E.D. Mich. Aug. 1, 2009); *Bavely v. Powell (In re Baskett),* 219 B.R. 754 (B.A.P. 6th Cir. Ohio 1998); *Dalby v. Wed Family Preservation Trust,* 1991 U.S. Dist. LEXIS 8631 (E.D. Mich. Apr. 23, 1991); and *In re Langley,* 2011 Bankr. LEXIS 705 (Bankr. E.D. Mich. Mar. 7, 2011)

## BASIS OF APPELLATE JURISDICTION

This matter stems from a final judgment of the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF ISSUE

Was there clear error in the Bankruptcy Court's decision to deny Appellants' Motion to Set Aside Default Judgment?

Plaintiff/Appellee Says: "No"

## **STANDARD OF REVIEW ON APPEAL**

The findings of the Bankruptcy Court to deny Appellant/Defendants' ("Appellants") Motion to Set Aside Default were findings of fact based on the affidavit testimony of the Appellants and of Counsel for the Appellee/Plaintiff ("Appellee"). A motion to set aside a default judgment is reviewed under an abuse of discretion standard. *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995); *United Coin Meter Co. v. Seaboard Coast Line Railroad,* 705 F.2d 839, 843 (6th Cir. 1983); see also *In re Walter,* 282 F.3d 434, 440 (6th Cir. 2002). "[A] strict standard of review applies for setting aside a default once it has ripened into a judgment." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. Mich. 2003).

A court abuses its discretion "when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard." *United States v. Dunn,* 1998 U.S. App. LEXIS 28286, *5 (6th Cir. Mich. Nov. 4, 1998); see also *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). In reviewing the lower court's action, the reviewing court must have a "definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996); see also *Colangelo v. Eisen (In re Colangelo),* 414 B.R. 136, 141 (E.D. Mich. 2009). Such relief is typically "circumscribed by public policy favoring finality of judgments and termination of litigation . . . . even if [such judgments] are rendered by default." *id*, quoting *McCurry v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586 (6th Cir. Tenn. 2002); see also *In re Bradbury,* 310 B.R. 313, 320 (Bankr. N.D. Ohio 2003). "Rule 60(b) reflects this public policy by requiring greater specificity from a

moving party before a court will set aside a default judgment." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. Ohio 1992).

## STATEMENT OF THE CASE

This appeal arises out of a bankruptcy court adversary proceeding filed by Appellee against Appellant (Case No. 10-07551-MBM, Docket No. 1 ("Adversary Proceeding"). Debtors John O. and Sharon K. Crispin ("Debtors") filed their petition for Chapter 7 Bankruptcy on March 25, 2010. Case No. 10-49225-MBM (EDM) (hereinafter, "Petition Date") *Bankr. Docket No. 1 "Voluntary Petition."* Plaintiff/Appellee Timothy J. Miller is the duly appointed Chapter 7 Bankruptcy Trustee. During the Trustee's investigation of Debtors' financial affairs he discovered that Debtors had transferred their ownership interest in certain real estate in Pemiscot County, Missouri to Appellants (the "Transfer"). Appellant Diane Wright and Debtor Sharon Crispin are sisters. Trustee learned of the transaction in Debtors' 11 U.S.C. § 341 hearing, held June 3, 2010. The transfer occurred within one year of the Petition Date and was for less than fair market value of Debtors' interest. Such a transfer is avoidable in bankruptcy pursuant to 11 U.S.C. § 547.

In an effort to resolve the estate's claims against Appellants, Appellee's counsel sent correspondence to Appellants at 5516 NE Oaks Ridge Lane, Lees Summit, MO 64064 (the "Lees Summit Address"), via United States Postal Service, First Class Mail. *Adversary Proceeding Case No. 10-07551 Docket No. 15 – Exhibit 4* ("Appellant's Affidavit"). The correspondence informed Appellants of Appellee's claims. Appellant's Affidavit acknowledges receipt of that letter. *Appellant's Affidavit.* Appellants consulted with Mr. Jason Scherer, a Missouri attorney, about Appellee's claims. Throughout the

next several months, Appellee's counsel and Mr. Scherer corresponded regularly regarding Appellee's claims. It was plain from the nature of the communications that Appellants were in constant contact with Mr. Scherer, and were fully informed of the status of the proceedings.

Mr. Scherer never filed an appearance in this Adversary Proceeding or any related proceedings. As it began to appear that negotiation of a settlement of Appellee's claims would fail, Mr. Scherer indicated to Appellee's counsel, that, on his clients' instruction, he was not authorized to accept service on their behalf, though he had previously indicated that he would accept such service. After more than three months of protracted settlement negotiations failed to yield a final letter was sent to Mr. Scherer dated December 9, 2010. The letter indicated that, failing satisfactory resolution by December 14, 2010, Plaintiff would file the subject Adversary Proceeding against Appellants. A draft copy of the Complaint was attached to the December 9, 2010 correspondence.

On December 14, 2010, with full knowledge of the progress of the case thus far, including the December 9, 2010 correspondence, Appellants sent a complaint letter via facsimile to United States Senator Claire McCaskill regarding Debtors bankruptcy matter and related claim against Appellants. *Adv. Pro. Docket No. 19-3 Exhibit C Letter to Senator McCaskill.* No settlement was reached. Appellee filed the complaint that was sent to Mr. Scherer. Appellee served the summons and complaint on Appellants via United States Postal Service First Class Mail to the Lees Summit Address in compliance with Fed. R. Bankr. P. 7004(b)(1). *Adv. Pro. Docket No. 2-3.*

Appellants did not file an Answer or any other response to the Complaint. On January 21, 2011, Appellee filed a Motion for Entry of Default. *Adv. Pro. Docket No. 5.* The Motion was granted by Order dated January 24, 2011. *Adv. Pro. Docket No. 6.* On March 30, 2011, Appellee served Appellants with a subpoena directing the production of documents via United States Postal Service First Class Mail at the Lees Summit Address. *Adv. Pro. Docket No. 7.* Appellee filed a Certificate of Service along with the subpoena. *Adv. Pro. Docket No. 7.* Despite acknowledging receipt of previous correspondence at the Lees Summit Address, and with no indication that their mailing address has changed or there was any interruption of their regular mail service, Appellants contend that, somehow, they did not receive a copy of the subpoena. *Adv. Docket No. 15-4 Declaration.*

Appellants did not respond or in any way comply with the subpoena. On May 5, 2011, after Appellee's motion, the Court entered an Order to Show Cause to Explain Failure to Produce Records. *Adv. Pro. Docket No. 10* (the "Show Cause Order"). Appellee's Counsel served the Show Cause Order upon Appellee/Defendants via United States Postal Service First Class Mail at the Lees Summit Address. *Adv. Pro. Docket No. 11*. On May 8, 2011, the Clerk of the Court also sent a copy of the Show Cause Order to Appellants at the Lees Summit Address. *Adv. Pro. Docket No. 12*. Despite acknowledging receipt of previous correspondence at the Lees Summit Address, and with no indication that their mailing address has changed or there was any interruption of their regular mail service, Appellants again contend that, somehow, they did not receive a copy of the Show Cause Order.

5

On May 12, 2011, less than two weeks before Defendants were to appear at a hearing on the Show Cause Order, Mr. Scherer sent a letter to Plaintiff's counsel alleging Defendants only received notice of the present Adversary Proceeding through "contact with Senator McCaskill." *Exhibit A*. It is unstated when Senator McCaskill's office allegedly contacted Appellants. Trustee filed an Order on Motion for Default Judgment on January 24, 2011. Appellants filed a Motion to Set Aside Default Judgment on June 6, 2011. *Adv. Pro. Docket No. 15*. A hearing on Appellants' Motion was held on July 19, 2011. At the hearing the Court took into consideration Defendant's Affidavit and Appellee's Affidavit. *Hearing Transcript*, generally. At the hearing, on Appellant's Motion, the Bankruptcy Court ruled that Appellants did not establish grounds to obtain relief from the Default Judgment. The Court's ruling cited to *Q-Tech Inc. v. Allard (In re Trans-Indus)*, 2009 U.S.Dist. LEXIS 36953 (E.D.Mich., May 1, 2009), which requires Appellants to establish that pursuant to Rule 60(b)(1), failure to respond was not due to culpable conduct as a threshold issue. *Hearing Transcript - Page 10, Line 16-18.*

Accordingly, the Court held that it "cannot look any further that the defendants' failure to answer the complaint was culpable and they are not entitled to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(1)." *Hearing Transcript-Page 17, Line 21*. The Bankruptcy Court further noted that Appellants had asserted each prong of Rule 60(b)(1), but "...no facts have been alleged at all to suggest that they may have a meritorious defense." *Hearing Transcript - Page 14, Line 21-24*. Appellants argued that they received "reasonably equivalent value" for the transfer or that the amount sought was significantly less than the the judgment as sought by the

6

Trustee. *Hearing Transcript - Page 7, Lines 5-9*. However, the Bankruptcy Court found this argument to be without merit, as the value of the judgment sought was determined by the Appellants' own appraisal of the property. *Hearing Transcript - Page 14, 15-17*. On August 1, 2011, the Court entered an Order Denying Defendants' Motion to Set Aside Default Judgment. *Adv. Pro. Docket No. 28*. In denying Appellants' Motion, the Court entered judgment in the amount of $52,668.00 against the Appellants.

## **ARGUMENT**

**I.	Appellants fail to show that the Bankruptcy Court abused its discretion in refusing to set aside Default Judgment entered against Appellants.**

The Appellants have failed to prove the grounds necessary to obtain relief from a default judgment due to "excusable neglect." Specifically, Appellants have not established that entry of default was *not* due to culpable conduct on their behalf. The facts indicate that Appellants' failure to receive service was due to their own conduct, which was at very least due to reckless disregard. Culpability is a threshold inquiry in this District pursuant to the case of *Q Tech. Inc. v. Allard (In re Trans-Indus)*. Failure to prove culpability was fatal to the claim of the Appellants under this authority. Therefore, the Bankruptcy Court ruled correctly. Even if the Appellants had proven this prong of the test, the merits of the case further urge upholding entry of the Default Judgment.

**A. The Bankruptcy Court Applied the Correct Standard in Holding that Appellants Were Required to Establish as a Threshold Inquiry That Entry of Default Was Not Due to Appellants' Conduct.**

"Federal Rule of Civil Procedure 55(c), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, governs a motion to set aside an entry of default or a default judgment. "When a court has entered a default judgment, Rule 55(c) states that the court may set aside that judgment only in accordance with Federal Rule of Civil Procedure 60(b)." *Bavely v. Powell (In re Baskett),* 219 B.R. 754, 758 (B.A.P. 6th Cir. Ohio 1998). "Rule 60(b) provides several justifications for relief from a judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *In re Miller,* 428 B.R. 791, 796 (Bankr. S.D. Ohio 2010). In the present matter, the moving party has argued for relief under subsection (1).

In the Sixth Circuit, it has long been established that there are three factors which are taken into account when determining whether to set aside a default judgment: "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default." *United Coin* at 845. As held in the case of *In re Trans-Indus,* the District Court for the Eastern District of Michigan held that "...[t]he moving party must first demonstrate that the default judgment did not result from culpable conduct" before the other factors are even considered. *In re Trans-Indus* at *13-14 *quoting Weiss v. St. Paul Fire & Marine Ins. Co.,* 283 F.3d 790, 794 (6th Cir. Ohio 2002). "[G]eneralized appeals to the equities..."

8

are not sufficient grounds for relief from a default judgment under Rule 60(B). *Colangelo* at 149.

"[T]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Baskett at 759. (Internal citations omitted); see also *United States v. Carlisle,* 2009 U.S. Dist. LEXIS 78724 (E.D. Mich. Aug. 1, 2009). "The court cannot consider the other elements, including whether the party has a meritorious defense, unless or until the moving party establishes excusable neglect." *Allard* at 14. In reaching this conclusion, "the court should examine not only the movant's conduct, but also the prejudice to the opposing party, and the effect on the court's docket." *Alexander v. Light*, 1996 U.S. Dist. LEXIS 20846 (W.D. Mich. July 25, 1996); see also *Buck v. United States Department of Agriculture*, 960 F.2d 603, 609 (6th Cir. 1992). Relief from a default judgment due to failure to receive notice is warranted only where the moving party has established "excusable neglect." *Miller v. Certified Constr. Co. of Kentucky, LLC (In re Smith Mining & Material, LLC),* 399 B.R. 199, 202 (Bankr. W.D. Ky. 2008).

The United States Supreme Court has stated the determination of whether neglect is excusable is equitable, "taking account of all relevant circumstances surrounding the party's omission....[including]....the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (U.S. 1993). Excusable neglect is a "somewhat elastic concept which is not limited strictly to omissions caused by circumstances beyond the

control of the movant," and includes omissions to act. *Lewis Cass Intermediate Sch. Dist. v. M.K.,* 2004 U.S. Dist. LEXIS 3184, 9-10 (W.D. Mich. Feb. 26, 2004); see also *Baskett* at 758, *In re Langley,* 2011 Bankr. LEXIS 705, 8-9 (Bankr. E.D. Mich. Mar. 7, 2011). "For purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Tullock v. Hardy (In re Hardy),* 187 B.R. 604, 606-607 (Bankr. E.D. Tenn. 1995).

Fed. R. Bankr. P. Rule 7004(b) allows service by first-class mail as an alternative to personal service of process. The service must be made upon the defendant's "dwelling house or usual place of abode," as determined at the time of service. "Service is complete upon mailing which creates a presumption that it was received by the addressee." *Hardy* at 607; see also *Bavelis v. Doukas (In re Bavelis),* 453 B.R. 832 (Bankr. S.D. Ohio 2011);see also *In re Rigney (Kohut v. Rigney),* Case No. 07-52758, Adv. Pro. No. 07-6287 (Bankr. E.D.Mich., January 5, 2011); see also *Miller v. Certified Constr.* at 201-202; see also *Bratton v. Yoder Co.,* 758 F.2d 1114, 1118 (6th Cir. 1985); see also *Westenhoefer v. Infiniti Financial Services (In re Mindel-Stansberry),* 2006 Bankr. LEXIS 851 (Bankr. E.D. Ky. May 11, 2006).

"To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely." *Miller v. Certified Constr.* at 201-202; see also *In re Patterson*, 330 B.R. 631, 638 (Bankr. E.D. Tenn. 2005), *quoting In re O'Bryan,* 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999). However, this presumption can be rebutted by introducing evidence establishing that service was not received. *Bratton* at 1118. "[W]here a party's behavior amounts to a deliberate disregard of the proceedings

10

pending against [it]...[and the party] intentionally chose to ignore the proceedings, the court is not obliged to grant relief from a default judgment under Rule 60(b)(1)." *Hardy* at 608 (Internal citations omitted). Where the facts evidence a reckless or intentional disregard to receiving service, courts will not grant such relief. *Dalby v. Wed Family Preservation Trust*, 1991 U.S. Dist. LEXIS 8631, *7-8 ( E.D. Mich. Apr. 23, 1991).

The Bankruptcy Court properly ruled that Appellants had not established that entry of default was not due to their culpable conduct. The Appellants have asserted that other than the first letter that Appellee sent to them at the Lees Summit Address, they failed to receive three subsequent documents that were mailed to them at that same address on three separate occasions – the complaint, the subpoena and the show cause motion. Appellants do not indicate that there was any reason why their mailing address was some how defective or that there was any stoppage of mail service to their mailing address. While it is possible that one mailing may be overlooked or lost, asserting they did not receive three separate mailings including the complaint is unbelievable. The Bankruptcy Court expressed serious doubts about the claims of the Appellants, specifically noting that, "...[i]t is implausible and not credible that the defendants received none of these documents." *Hearing Transcript - Page 19, Line 19.*

Accordingly, the Court held that it "...cannot look any further that the defendants' failure to answer the complaint was culpable and they are not entitled to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(1)." *Transcript, Page 17, Line 21*. The court's ruling is based on sound conclusions of fact. Rather it reflects Appellant's failure to act on three separate pleadings and their intentional choice to ignore the Bankruptcy Court proceedings. Appellants were on notice that a lawsuit was

11

about to be filed against them. It is more plausible that Appellants chose to ignore the pleadings that were served on them – particularly if they claim to not have seen three separate mailings.

The Bankruptcy Court's holding was not an abuse of discretion and was based on the established precedent of this District. This decision was correct because Appellants were required to prove the lack of "culpable conduct" as a threshold inquiry. Appellants have failed to address the correct standard in their subsequent Appeal before this Court. Failure to successfully establish this prong was grounds for the Bankruptcy Court to make its ruling.

### B. The Bankruptcy Court's Denial of Appellants' motion for Relief from Default Judgment was Correct insofar as it Held that Appellants' Motion was without Merit regardless of the Threshold Inquiry of Culpable Conduct.

Defendant/Appellants' defenses to Plaintiff/Appellee's Adversary Proceeding were without merit. This inquiry does not occur until the Defendant/Appellants' first establish the lack of culpable conduct. However, the Bankruptcy Court felt the need to point out that even if this were taken into account, the Defendant/Appellants would have been unable to establish a meritorious defense. The Bankruptcy Court noted that Appellants had asserted each prong of Rule 60(b)(1), but "...no facts have been alleged at all to suggest that they may have a meritorious defense." *Transcript, Page 14, Line 21-24*. In particular, the value of the subject real estate as set forth in Appellee's complaint was based on Appellants' own appraisal. Specifically, the Court addressed the Appellants' contentions that the value of the transfer was incorrect. *Transcript Page*

*7, Lines 4-5.* The Appellants' failed to explain how their own appraisal is faulty and should not have been relied upon. *Transcript Page 14, Lines 15-17.* Accordingly, the Court found the Appellants failed to assert a meritorious defense. Appellants are hard pressed to show how any different ruling as to value could have been found had the court heard the case on the merits. The court's finding of fact as to meritorious defense does not come close to an abuse of discretion.

## **CONCLUSION**

The Bankruptcy Court applied the correct standard of law in denying Appellants relief from default judgment. In order to obtain said relief, Appellants were required to establish that failure to respond causing entry of the Default was not due to "culpable conduct" as a threshold issue. Defendants did not establish this prong and cannot do so due to facts that evidence reckless disregard of service. Even if Defendants had overcome the threshold questions, Appellants' defense to the adversary proceeding was without merit. In relying on established precedent, the Bankruptcy Court correctly ruled against Appellants.

For the aforementioned reasons, Appellee respectfully requests that this Court uphold the decision of the Bankruptcy Court in granting Default Judgment against Appellants.

Respectfully submitted,

Dated:  October 19, 2011                                /s/Anthony James Miller
                                                         By:    ANTHONY JAMES MILLER (P71505)
                                                                Schneider Miller P.C.
                                                                Attorney for Appellee
                                                                645 Griswold, Suite 3900
                                                               Detroit, Michigan 48226
                                                               (313) 237-0850
                                                               amiller@schneidermiller.com